Supreme Court—Edson & Co. v. Shuster.

---

EDSON & COMPANY, PLAINTIFF-APPELLANT, v. LOUIS SHUSTER ET AL., DEFENDANT-RESPONDENT.

Argued January term, 1925—Decided April 23, 1925.

Motor Vehicles—Replevin—Conflict of Motor Vehicle Bill of Sales Act With Garage Keepers' Lien Act—Bill of Sales Act Contemplates Only Voluntary Sales, to Include Judicial Sales Would be to Render Nugatory the Lien Act.

On appeal from the East Orange District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff-appellant, *Harry Green*.

For the defendant-respondent, *Irving Siegler*.

PER CURIAM.

This appeal lies from an action of replevin, tried without a jury, in the District Court of East Orange. The action was to recover possession of a Ford automobile, and resulted in a verdict for the defendant.

The sole question involved is whether legal title passed to the purchaser of a motor vehicle, sold by virtue of the Garage Keepers' Lien act (*Pamph. L.* 1915, *p.* 556), the purchaser not having received a manufacturer's bill of sale or assignments thereof from prior owners, as required by the Motor Vehicle Bill of Sales act. *Pamph. L.* 1919, *p.* 357.

The Motor Vehicle Bill of Sales act contemplates voluntary sales made by owners of vehicles, and, in the absence of fraud or collusion, does not comprehend sales under judicial or statutory authority, such sales not being within the mischief intended to be remedied by the act. To hold otherwise would render nugatory the Garage Keepers' Lien act, and, in the absence of a clear legislative intent to accomplish such a result, that effect should not be accorded to the legislation in question. What was said by this court in the application of similar legislation to the Bulk Sales act of 1915 (at *p.* 15) is peculiarly appropriate to the situation here presented. *Schwartz* v. *King Realty Co.,* 93 *N. J. L.* 111; *affirmed,* 94 *Id.* 134.

The judgment under review will therefore be affirmed.